## UNITED STATES v. GAY.

(District Court, S. D. Florida. November 15, 1924.)

No. 636.

1. **Obstructing justice** ⊙⊸11—**Indictment for assault on officer held to sufficiently charge knowledge of official character.**

Indictment under Criminal Code, § 65 (Comp. St. § 10233), charging that accused did "willfully" assault, oppose, etc., a named officer, *held* to sufficiently charge knowledge of official character of person assaulted.

2. **Obstructing justice** ⊙⊸11 — **Indictment for interfering with prohibition officer making search held not defective for failure to aver circumstances showing authority to make search.**

Indictment under Criminal Code, § 65 (Comp. St. § 10233), for assaulting, opposing, etc., a prohibition officer engaged in exercise of his duties making search and seizure which he was "then and there authorized to make," *held* not defective for failure to allege circumstances showing such authority; allegation of it being surplusage.

Roy Gay was convicted of unlawfully and willfully forcibly assaulting, opposing, etc.,

a prohibition officer. On motion in arrest of judgment. Motion denied.

W. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty.; of Jacksonville, Fla.

Bart A. Riley, of Miami, Fla., for defendant.

CALL, District Judge. The indictment charges that the defendant did unlawfully and willfully forcibly assault, oppose, prevent, impede, and interfere with an officer of the internal revenue, to wit, one A. J. Ryals, said A. J. Ryals, being then and there a federal prohibition agent, acting by and under the authority of the Secretary of the Treasury and the Commissioner of Internal Revenue of the United States of America; said Ryals being then and there engaged in the execution of his duties in the enforcement of the Prohibition Act, and then and there authorized to make search and seizure. The indictment was found under section 65 of the Criminal Code (Comp. St. § 10233), the pertinent part of which reads as follows:

Section 65: "Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, or his deputy, or any person assisting him in the execution of his duties, or any person authorized to make searches and seizures, in the execution of his duty, * * *" etc.

Upon the trial the defendant was convicted, and he thereafter made a motion in arrest of judgment. If this count of the indictment fails to charge an offense against the United States, such motion should be granted. If it does, the motion should be denied.

[1] It is contended in argument on the motion that the indictment fails to allege knowledge of the character of the officers, and this failure makes the indictment fatally defective, and authorities are cited to sustain this contention. It may be and is ad-mitted that an assault upon the officer, to vent the spite of an assaulter without knowledge of his official character is not offense against the United States. The question therefore arises: Does this indictment show such knowledge by the defendant? The indictment charges the assault, opposition, prevention, impeding, and interference to have been "willfully" done. Is not this tantamount and equivalent to charging the acts to have been done with a knowledge of the official character of the officer? I think it is. Especially on a motion in arrest.

[2] Again, it is contended that no allegations are contained in the indictment showing the circumstances of the right of the officer to make a search and seizure. It is true that after the character of the officer is shown, and the assault, etc., is alleged, the indictment alleges he had authority to make searches and seizures, and if the prosecution was based upon the assault committed during the execution of search and seizure power it would be necessary to so state, and allege circumstances which would show the legality of such search and seizure; but in this indictment the prosecution cannot be based upon the latter allegation. As I construe this section, the crime denounced is assaulting, etc., a revenue officer in the discharge of his duties, and also any person authorized to make searches and seizures, whether revenue officers, marshal, or deputy. Why said allegation was incorporated in the indictment I do not know; but it cannot affect the crime charged in the indictment, for assaulting, etc., a revenue officer in the discharge of his duties. It is not sufficient to constitute the charge defined in the section against persons having authority to makes searches and seizures, and may therefore be treated as surplusage, and does not make the indictment multifarious, as charging two crimes in one count.

There are other grounds for the motion in arrest, but in my judgment they are not well taken.

The motion will be denied.